**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LARRY DOBSON | : | |
| 2728 North Marvine Street | : | |
| Philadelphia, PA 19133 | : | |
| | : | |
| Plaintiff, | : | |
| | : | JURY DEMANDED |
| v. | : | |
| | : | CASE NO.   2:21-cv-02061 |
| RESOURCES FOR HUMAN DEVELOPMENT | : | |
| 398 Parker Avenue | : | |
| Philadelphia, PA 19128 | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

And now Plaintiff, LARRY DOBSON, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), have been violated and avers as follows.

### I. PARTIES

1.      Plaintiff, Larry Dobson, hereinafter (hereinafter "Plaintiff" or "Dobson"), is an adult individual residing at 2728 North Marvine Street, Philadelphia, PA 19133.

2.      Defendant, Resources for Human Development, (hereinafter "Defendant"), is a corporation organized and existing under the laws of Pennsylvania with a corporate headquarters address of 4700 Wissahickon Avenue, Suite 126, Philadelphia, PA 19144-4248.

3.      Defendant owns and operates a customer center facility at 398 Parker Avenue, Philadelphia, PA 19128, where Plaintiff was employed.

4.      At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### II. JURISDICTION

5.      This civil action is instituted pursuant to Americans with Disabilities Act and its 2008 amendments and applicable federal and state law.

6.      This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331 and 1343.

7.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

8.      Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of a Notice of Right to Sue forwarded by the EEOC).

### III. FACTS

9.      On or about July 4, 2012, Defendant hired Plaintiff as a Residential Advisor.

10.      Plaintiff's last day of work was February 21, 2020, due to a cervical fusion.

11.      Plaintiff was approved for leave under the Family Medical Leave Act ("FMLA") for the time period of February 24, 2020, through May 17, 2020.

12.      On or about March 18, 2020, Mr. Dobson applied for Short Term Disability ("STD") and was approved for a time period of March 9, 2020, through May 18, 2020.

13.      On April 21, 2020, Mr. Dobson's doctor had released him to return to work on May 21, 2020, with no restrictions.

14.      On May 6, 2020, Defendant sent Plaintiff a letter advising him that his FMLA leave would expire as of May 17, 2020, and that, "if you are not able to return to work on or

before this date, you must contact your Unit Director to discuss your available options for a (continuing) absence from work."

15.     During Mr. Dobson's STD and FMLA leave he had periodic check in's with his doctors as required to re-certify both leaves.

16.     All paperwork completed by Mr. Dobson's doctors for re-certifying his STD and FMLA leave was provided to Defendant.

17.     On June 17, 2020, Defendant sent Mr. Dobson a letter advising him that they had been trying to reach him and that he needed to call and speak to: Ms. Yolanda Carter, a Program Assistant Unit Director; Ms. Monica Duck a.k.a. Ms. Monica Moore, a Program Assistant Unit Director or Ms. Amira Thomas, the Program Unit Director, by June 26, 2020, or his employment would be terminated due to the expiration of his leave.

18.     On or around June 23, 2020, Mr. Dobson called and spoke to Human Resources personnel Ms. Monica Duck/Moore. During that call Ms. Monica inquired as to Mr. Dobson's plan to return to work.

19.     Mr. Dobson advised Ms. Monica that he was not sure when he would return to work.

20.     Ms. Monica advised Mr. Dobson that she would call him back in a few days.

21.     When Ms. Monica called Mr. Dobson back a few days later, she advised him that due to the expiration of his FMLA leave and inability to advise on his return-to-work date, his employment would be terminated.

22.     At no time did Resources engage in the interactive process with Mr. Dobson or attempt in any way accommodate his return to work.

23.     Resources for Human Development terminated Mr. Dobson's employment on June 26, 2020.

## IV. CAUSES OF ACTION

### COUNT I
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 *et. seq.*)
(As Against all Defendants)

24.     Mr. Dobson incorporates the preceding paragraphs as if fully set forth at length herein.

25.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* an employer may not discriminate against an employee based on a disability.

26.     Mr. Dobson is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. Seq.,*

27.     Defendants are "employers" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. Seq.,*

28.     At all times material hereto, Mr. Dobson had a qualified disability, as described above.

29.     At all times material hereto, Mr. Dobson was qualified to perform the essential functions of his job with or without a reasonable accommodation.

30.     Based on the foregoing, Mr. Dobson alleges that Defendants violated the ADA by subjecting his to discrimination on the basis of his actual or perceived disabilities and/or records of impairment.

31.     Based on the foregoing Defendants took an adverse employment action against Mr. Dobson due to his disability by terminating his employment.

32.     Mr. Dobson further alleges that Defendants further violated the ADA by failing to engage him in the interactive process and provide his with reasonable accommodations for his disabilities.

33.     As a proximate result of Defendants' conduct, Mr. Dobson sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Dobson has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

34.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* Plaintiff demands attorneys' fees and court costs.

## COUNT II
## TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION
### (42 U.S.C.A. § 12101 *et. seq.)*
(As Against all Defendants)

35.     Mr. Dobson incorporates the preceding paragraphs as if fully set forth at length herein.

36.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et. seq.,* an employer may not retaliate against an employee based his exercising his rights under the Americans with Disabilities Act.

37.     Mr. Dobson is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

38.     Defendants are "employers" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

39.     As set forth above, Mr. Dobson engaged in protected activity when he participated in Defendant's investigation concerning his disability and return to work.

40.     As a proximate result of Defendants' conduct, Mr. Dobson sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Mr. Dobson has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

41.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, Mr. Dobson demands attorneys' fees and court costs.

## V. RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Larry Dobson demands judgement in his favor and against Defendant, Resources for Human Development, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including injury to reputation, mental and emotional distress, pain and suffering

B.  Attorneys' fees and costs of suit;

C.  Interest, delay damages; and,

D.  Any other further relief this Court deems just proper and equitable.


Date: _April 14, 2021_                    **LAW OFFICES OF ERIC A. SHAORE, P.C.**

                                        BY:  _/s/Mary LeMieux-Fillery, Esq._
                                        **Mary LeMieux-Fillery, Esquire**
                                        Two Penn Center, Suite 1240
                                        1500 John F. Kennedy Boulevard
                                        Philadelphia, PA 19102
                                        Direct Dial: 267-546-0132

Telefax: 215-944-6124
Email: maryf@ericshore.com
*Attorney for Plaintiff, Larry Dobson*

## <u>VERIFICATION</u>

I, Larry Dobson, verify that the statements made in the foregoing Civil Action Complaint

are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to

unsworn falsification to authorities.

Date: 04/29/2021                    BY: _____

                                         Larry Dobson

# EXHIBIT "A"